# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00898-DME-CBS

DAVID KEVIN WILL,

    Plaintiff,

v.

PARSONS EVERGREENE, LLC,

    Defendant.

## ORDER CONFIRMING ARBITRATION AWARD

The Court, acting pursuant to 9 U.S.C. § 3, previously granted the motion of Defendant Parsons Evergreene, LLC ("Parsons"), to stay this litigation pending arbitration of Plaintiff David Will's claims asserted against Parsons. Those claims alleged Parsons violated federal and state law by refusing to return Will to his former job, or a similar job, after Will, a member of the United States Navy reserves, returned from active military duty in Afghanistan. After staying this litigation, the Court administratively closed this case, pursuant to D.C.Colo.LCivR 41.2, "with leave to be reopened for good cause shown." (Doc. 27 at 12.)

Will now moves this Court for confirmation of an arbitration award entered in his favor.[1] (Doc. 38.) Because that motion establishes good cause to do so, the Court reopens this case. Further, the Court GRANTS Will's motion to confirm the arbitration

---

[1] The arbitrator entered an interim order on November 22, 2010, and a final order on March 14, 2011.

1

award. In doing so, the Court rejects Parson's objection to confirmation (Doc. 40), asserting that confirmation is not warranted because Parsons does not dispute the arbitration award and has fully complied with it.[2]

9 U.S.C. § 9 provides in pertinent part that, "[i]f the parties in their agreement" to arbitrate

> have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court <u>must grant</u> such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

(Emphasis added.) Here, the parties, in their arbitration agreement, agreed that the arbitration award would be final and binding, and further "consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction." (Doc. 12, ex. B, attach. 2, Employee Dispute Resolution Program at 11, 13, 16, and Program Procedures §§ 1(B)(3), IV(C)(32)(c).) <u>See</u> <u>P&P Indus., Inc. v. Sutter Corp.</u>, 179 F.3d 861, 867 (10th Cir. 1999) (recognizing "explicit language evidencing a consent to judgment" as one way to satisfy § 9's requirement for an agreement between the parties that judgment be entered). Parsons does not dispute that.

Nor does Parsons contend that this Court is not the appropriate court from which to obtain an order of confirmation. <u>See</u> <u>Cortez Byrd Chips. Inc. v. Bill Harbert Constr. Co.</u>, 529 U.S. 193, 202 (2000) (noting "the court with the power to stay the action under

---

[2] As compensatory damages, the arbitration award granted Will 326.46436 shares of stock that will be subject to withdrawal consistent with Parsons' Employee Stock Option Plan. The arbitration award also granted Will $19,261.40 in liquidated damages, $49,075 in attorneys' fees, and $25,461.06 in costs. Parsons asserts it has already complied with the arbitration award, and Will does not dispute that.

2

§ 3 has the further power to confirm any ensuing arbitration award"). Moreover, Parsons fails to assert any reason under 9 U.S.C. §§ 10 and 11 to vacate, modify, or correct the award at issue here. Therefore, this Court "must grant" Will's motion to confirm the arbitration award. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008) (noting there is no flexibility in this statutory mandate); see also Sheldon v. Vermonty, 269 F.3d 1202, 1206 (10th Cir. 2001). That is true even though Parsons does not dispute the award and has complied with it. "A district court confirming an arbitration award does little more that give the award the force of a court order. At the confirmation stage, the court is not required to consider the subsequent question of compliance." Zeller v. Deitsch, 500 F.3d 157, 163, 169 (2d Cir. 2007) (addressing confirmation provision of Chapter 2 of the Federal Arbitration Act, incorporating the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, see 9 U.S.C. §§ 201-208, but citing with approval Collins v. D.R. Horton, Inc., 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005), aff'd, 505 F.3d 874 (9th Cir. 2007), which addressed 9 U.S.C. § 9).

The Court, therefore, GRANTS Will's motion to confirm the arbitration award. Pursuant to 9 U.S.C. § 13,

> [t]he party moving for an order confirming . . . an award shall, at the time such order is filed with the clerk for entry of judgment thereon, also file the following papers with the clerk:
>
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> (b) The award.

(c) Each notice, affidavit, or other paper used upon an application to confirm . . . the award, and a copy of each order of the court upon such application.

Once Will has complies with this statute, the Clerk is authorized to enter final judgment.

Dated this ___15th___ day of _____July___, 2011.

BY THE COURT:

*s/ David M. Ebel*
_____
U. S. CIRCUIT COURT JUDGE